UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **BLOOMINGTON PARTNERS, LLC,** a limited liability company, ) ) ) **Plaintiff,** ) v. ) ) **CITY OF BLOOMINGTON,** an Illinois municipal corporation, et al., ) ) ) **Defendants.** ) | Case No. 04-2287 |

# REPORT AND RECOMMENDATION

In December 2004, Plaintiff, Bloomington Partners, LLC, filed a Verified Complaint for Injunctive Relief (#1) against Defendant, City of Bloomington.  In April 2005, Plaintiff filed a First Amended Complaint (#31) against Defendants City of Bloomington; John Butler, individually and d/b/a Butler Company, LLC; JB Butler Company, LLC; Michael Nelson; MNelson Company, LLC; Central Illinois Arena Management, Inc.; BNAM, LLC; Larry Hundman; and Thomas Hamilton.  In May 2006, Plaintiff Bloomington Partners filed a Second Amended Complaint (#95) naming as additional Plaintiffs Barry Kemp, Richard Adams, and David LeFevre, and naming the same Defendants as the first amended complaint.

In July 2006, Defendants Larry Hundman and BNAM, LLC, filed a Motion To Dismiss Counts VIII, IX, X, XI, and XII of Plaintiff's [(*sic*)] Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (#112).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Motion of Defendants BNAM, LLC and Larry Hundman To Dismiss Counts VIII, IX, X, XI, and XII of Plaintiff's [(*sic*)] Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) **(#112)** be **GRANTED in part** and **DENIED in part.**

### I.  Procedural Background

The second amended complaint alleges twelve counts, as follows:  (1) Count I, by Plaintiff Bloomington Partners against the City of Bloomington (hereinafter "City") and Central

Illinois Arena Management, Inc. (hereinafter "CIA"), alleges breach of express contract; (2) Count II, by Bloomington Partners, alleges that the City breached an express contract that existed as a result of Bloomington Partner's acceptance of the contract by performance; (3) Count III, by Bloomington Partners, alleges that the City breached an express contract that existed as a result of the City's waiver of certain contract terms; (4) Count IV, by Bloomington Partners against the City, alleges breach of contract based on estoppel; (5) Count V, by Bloomington Partners against Butler, Nelson, and their respective entities, alleges breach of fiduciary duty; (6) Count VI, by Plaintiffs Kemp, LeFevre, and Adams against Butler, Nelson, and their respective entities, alleges breach of fiduciary duty; (7) Count VII, by Kemp, LeFevre, and Adams against Butler, Nelson, and their respective entities, alleges quantum meruit; (8) Count VIII, by Bloomington Partners, alleges that the City, Hamilton, Hundman, and BNAM aided and abetted a breach of fiduciary duty owed by Butler and Nelson to Bloomington Partners; (9) Count IX, by Kemp, LeFevre, and Adams alleges that the City, Hamilton, Hundman, and BNAM aided and abetted a breach of fiduciary duty owed by Butler and Nelson to Kemp, LeFevre, and Adams; (10) Count X, by Bloomington Partners against Hamilton, the City, Butler and Nelson and their respective entities, CIA, Hundman, and BNAM, alleges intentional interference with contract; (11) Count XI, by Bloomington Partners against Hamilton, the City, Butler and Nelson and their respective entities, CIA, Hundman, and BNAM, alleges intentional interference with economic expectation; and (12) Count XII, by Kemp, LeFevre, and Adams against Hamilton, the City, Hundman, and BNAM, alleges intentional interference with economic expectation.

      The Court recently ruled on Defendants' motions for summary judgment (#85, #89, #104), granting summary judgment in favor of the City on Counts I, IV, VIII, X, and XI and in favor of CIA and Butler and Nelson and their respective entities on Count X. (*See* Opinion, #149.)

## II.  Standard

      The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Miller v. Reebie Storage and Moving Co., Inc.*, No. 93 C 3986,

1993 WL 414689, *1 (N.D. Ill. Oct. 15, 1993). The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Ordinarily, when considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claim and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). Here, the district court has already ruled on several summary judgment motions. Under the law of the case doctrine, a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same. *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Christianson v. Colt Inds. Operating Corp.*, 486 U.S. 800, 815-17 (1988) stating that the doctrine applies as much to the decisions of a coordinate court in the same case as to the court's own decisions). The doctrine expresses the practice of courts generally to refuse to reopen what has been decided. *Id.* at 817 (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).

Thus, Judge Michael McCuskey's conclusions in the Opinion (#149) addressing the summary judgment motions constitute the law of the case. Therefore, the Court will consider the allegations in light of the conclusions described in that opinion.

### III. Analysis

Defendants Hundman and BNAM argue that the Court should dismiss the claims against them for the following reasons: (1) aiding and abetting a breach of fiduciary duty is not a recognized tort under Illinois law (Counts VIII and IX); (2) Plaintiffs have failed to allege the existence of a contract which is an element of the claim for tortious interference with contract (Count X); and (3) Plaintiffs cannot allege a claim for intentional interference with economic expectations because that claim is inconsistent with their allegation that a contract existed between Bloomington Partners and the City (Counts XI and XII).

### A. Aiding and Abetting a Breach of Fiduciary Duty (Counts VIII and IX)

Defendants first argue that Illinois law does not recognize a cause of action for aiding and abetting a breach of fiduciary duty. *See Labor Ready, Inc. v. Williams Staffing, LLC*, 149 F. Supp. 2d 398, 411 (N.D. Ill. 2001) ("Illinois does not recognize the tort of aiding and abetting breach of fiduciary duty"); *Koutsoubos v. Casanave*, 816 F.Supp. 472, 475 (N.D. Ill. 1993) ("Illinois has never recognized the tort of aiding and abetting a breach of a fiduciary duty."); *Wieboldt Stores, Inc. v. Schottenstein*, No. 87 C 8111, 1989 WL 99545, *2 (N.D. Ill. Aug. 23, 1989) (unreported) ("This court cannot accept [the] assertion that Illinois courts would entertain a cause of action for aiding and abetting another's breach of his fiduciary duty"). *See also Cenco, Inc. v. Seidman & Seidman*, 686 F.2d 449, 452 (7th Cir. 1982) ("There is no tort of aiding and abetting under Illinois law.").

Plaintiffs contend that aiding and abetting a breach of fiduciary duty constitutes a viable cause of action under Illinois law. They contend that the essence of a claim that seeks to impose liability upon a defendant for misconduct that assists a third party's breach of a fiduciary duty owed to a plaintiff is the defendant's substantial assistance and encouragement to the fiduciary. a theory of liability based on Restatement (Second) of Torts § 876. In support, they refer to the Court's previous Report and Recommendation and cite a number of cases, including a number of cases that relate to aiding and abetting claims in general, but not necessarily to a claim for aiding and abetting a breach of fiduciary duty. *See Shapo v. Engle*, No. 98 C 7909, 1999 WL 1045086, *19 (N.D. Ill. Nov. 12, 1999) (unreported) ("Although it seems that at one point Illinois did not recognize a tort of aiding and abetting a breach of fiduciary duty, it appears that such a claim is now viable."); *Scholes v. Moore*, No. 90 C 6615, 1993 WL 84428 (N.D. Ill. Jan. 22, 1993) (unreported) (denying defendants' motion to dismiss a claim that defendant aided and abetted a breach of fiduciary duty); *Illinois Rockford Corp. v. Kulp*, 242 N.E.2d 228, 233-34 (Ill. 1968) (affirming a judgment against third parties who were parties to a fraud and who "aided, conspired, and participated" with a fiduciary who violated his fiduciary duty); *Chi. Park Dist. v. Kenroy*, 402 N.E.2d 181, 186 (Ill. 1980) (recognizing a cause of action by represented beneficiaries to seek restitution from a third party who allegedly colluded with a fiduciary who breached his fiduciary duty); *Smith v. Eli Lilly & Co.*, 527 N.E.2d 333, 350 (Ill. App. Ct. 1988)

(stating that Illinois follows the "concerted action" theory of liability which applies "when a tortious act is done in concert with another or pursuant to a common design, or a party gives substantial assistance to another knowing that the other's conduct constitutes a breach of duty"), rev'd on other grounds, 560 N.E.2d 324 (Ill. 1990); *Sanke v. Bechina*, 576 N.E.2d 1212, 1218 (Ill. App. Ct. 1991) (holding that parents of passenger killed in automobile accident stated claim against other passengers, under "concert of action" theory, for encouraging driver's reckless driving); *Reuben H. Donnelley Corp. v. Brauer*, 655 N.E.2d 1162, 1170-71 (Ill. App. Ct. 1995) (considering the validity of a cause of action based on Restatement (Second) of Torts § 876 and holding that the Restatement did not apply because the alleged underlying conduct constituted a breach of contract, rather than a tort); *Clausen v. Carroll*, 684 N.E.2d 167, 172-73 (Ill. App. Ct. 1997) (applying Section 876(b) of the Restatement (Second) of Torts to impose joint liability on all participants who encouraged a drag race).

As an initial matter, the Court notes that its previous Report and Recommendation (#67) did not expressly rule on the issue of whether Illinois recognizes the tort of aiding and abetting a breach of fiduciary duty. In Defendants' earlier motion to dismiss (#54), Defendants' argument regarding whether Illinois law recognized "aiding and abetting" appeared to be directed toward aiding and abetting a breach of contract and their case law referred to that cause of action. Regarding Plaintiff's potential claim of aiding and abetting a breach of fiduciary duty, the Report addressed Defendants' argument in their motion to dismiss that Plaintiff had failed to state a claim because it had failed to adequately allege the elements of aiding and abetting as described in *Wolf v. Liberis*, 505 N.E.2d 1202, 1208 (Ill. App. Ct. 1987) (citing Restatement (Second) of Torts § 876). The Court determined that Plaintiff had adequately alleged the elements of aiding and abetting based on language in the Restatement (Second) of Torts.

Whether or not Illinois law recognizes a claim of "aiding and abetting a breach of fiduciary duty," the Court concludes that a liberal reading of Plaintiff's allegations in Counts VIII and IX arguably state claims for which they can seek relief under Illinois law. Notice pleading does not require a plaintiff to allege the express legal theory on which he bases his claim; "[h]aving specified the wrong done to him, a plaintiff may substitute one legal theory for

another without altering the complaint." *Burton v. Sheahan*, 68 F. Supp. 2d 974, 976 (N.D. Ill. 1999). A complaint may not be dismissed unless it is impossible to prevail "under any set of facts that could be proved consistent with the allegations." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). At this time, the Court declines to dismiss the claims at issue for failure to state a claim. Accordingly, the Court recommends denying the motion to dismiss Counts VIII and IX.

### B. Tortious Interference with Contract (Count X)

Defendants next argue that Plaintiffs failed to allege a claim for tortious interference with contract in Count X because they cannot allege the existence of a contract.

The Court agrees. In its previous ruling on motions for summary judgment, Judge McCuskey considered all of Plaintiffs' theories for the establishment of a contract and concluded that no binding agreement existed between Bloomington Partners and the City under any of Plaintiffs' theories. (#149, pp. 21-22.) That decision is now the law of the case and the Court will not revisit the issue. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710, 722 (7th Cir. 2005) ("Law of the case doctrine advises against a court reopening previously decided issues."). Because Count X is premised upon the existence of a contract, the Court recommends granting Defendants' motion to dismiss it.

### C. Intentional Interference with Economic Expectations (Counts XI and XII)

Defendants next argue that Plaintiffs failed to state claims for intentional interference with economic expectations because they alleged the existence of a contract and such an allegation is inconsistent with their claims in Counts XI and XII. The Court notes that the claims alleged in Counts XI and XII appear to be offered as an alternative to Count X (which alleged intentional interference with contract) in the event the Court concluded (as it ultimately did; see #149) that no contract existed between the City and Bloomington Partners. Plaintiffs confirm this in their response to Defendants' motion. Federal Rule of Civil Procedure 8(e)(2) expressly provides for pleading in the alternative. *Mizuho Corp. Bank (USA) v. Cory & Assoc., Inc.*,

341 F.3d 644, 651 (7th Cir. 2003) ("There is generally nothing wrong with alternative pleading, which is all that this complaint has done."). Notwithstanding the fact that Plaintiffs incorporated all previous allegations, including the allegations related to the existence of a contract, here, Plaintiffs' claims in Counts XI and XII are based on the assumption that no contract existed between Bloomington Partners and the City. Accordingly, the Court recommends denying the motion to dismiss Counts XI and XII.

### IV.  Summary

For the reasons set forth above, this Court recommends that the Motion of Defendants BNAM, LLC and Larry Hundman To Dismiss Counts VIII, IX, X, XI, and XII of Plaintiff's [(*sic*)] Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) **(#112)** be **GRANTED** as to Count X and **DENIED** as to Counts VIII, IX, XI, and XII.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 21st day of September, 2006.

                                      s/ DAVID G. BERNTHAL
                                      U.S. MAGISTRATE JUDGE