UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **BLOOMINGTON PARTNERS, LLC,** a limited liability company, ) ) ) **Plaintiff,** ) ) v. ) ) ) **CITY OF BLOOMINGTON,** an Illinois municipal corporation, et al., ) ) ) **Defendants.** ) | Case No. 04-2287 |

# REPORT AND RECOMMENDATION

In December 2004, Plaintiff, Bloomington Partners, LLC, filed a Verified Complaint for Injunctive Relief (#1) against Defendant, City of Bloomington. In April 2005, Plaintiff filed a First Amended Complaint (#31) against Defendants City of Bloomington; John Butler, individually and d/b/a Butler Company, LLC; JB Butler Company, LLC; Michael Nelson; MNelson Company, LLC; Central Illinois Arena Management, Inc.; BNAM, LLC; Larry Hundman; and Thomas Hamilton. In May 2006, Plaintiff Bloomington Partners filed a Second Amended Complaint (#95) naming as additional Plaintiffs Barry Kemp, Richard Adams, and David LeFevre, and naming the same Defendants as the first amended complaint.

In July 2006, Defendants John Butler; Butler Company, LLC; JB Butler Company, LLC; Michael Nelson; MNelson Company, LLC; and Central Illinois Arena Management, Inc. (hereinafter "CIA") filed a Motion To Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (#114). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Motion To Dismiss Second Amended Complaint of Defendants, John Butler, individually and d/b/a Butler Company, LLC; JB Butler Company, LLC; Michael Nelson; MNelson Company, LLC; and Central Illinois Arena Management, Inc. Pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure **(#114)** be **GRANTED in part** and **DENIED in part.**

## I. Procedural Background

The second amended complaint alleges twelve counts, as follows: (1) Count I, by Plaintiff Bloomington Partners against the City of Bloomington (hereinafter "City") and CIA, alleges breach of express contract; (2) Count II, by Bloomington Partners, alleges that the City breached an express contract that existed as a result of Bloomington Partner's acceptance of the contract by performance; (3) Count III, by Bloomington Partners, alleges that the City breached an express contract that existed as a result of the City's waiver of certain contract terms;
(4) Count IV, by Bloomington Partners against the City, alleges breach of contract based on estoppel; (5) Count V, by Bloomington Partners against Butler, Nelson, and their respective entities, alleges breach of fiduciary duty; (6) Count VI, by Plaintiffs Kemp, LeFevre, and Adams against Butler, Nelson, and their respective entities, alleges breach of fiduciary duty;
(7) Count VII, by Kemp, LeFevre, and Adams against Butler, Nelson, and their respective entities, alleges quantum meruit; (8) Count VIII, by Bloomington Partners, alleges that the City, Hamilton, Hundman, and BNAM aided and abetted a breach of fiduciary duty owed by Butler and Nelson to Bloomington Partners; (9) Count IX, by Kemp, LeFevre, and Adams alleges that the City, Hamilton, Hundman, and BNAM aided and abetted a breach of fiduciary duty owed by Butler and Nelson to Kemp, LeFevre, and Adams; (10) Count X, by Bloomington Partners against Hamilton, the City, Butler and Nelson and their respective entities, CIA, Hundman, and BNAM, alleges intentional interference with contract; (11) Count XI, by Bloomington Partners against Hamilton, the City, Butler and Nelson and their respective entities, CIA, Hundman, and BNAM, alleges intentional interference with economic expectation; and (12) Count XII, by Kemp, LeFevre, and Adams against Hamilton, the City, Hundman, and BNAM, alleges intentional interference with economic expectation.

The district court recently ruled on Defendants' motions for summary judgment (#85, #89, #104), granting summary judgment in favor of the City on Counts I, IV, VIII, X, and XI and in favor of CIA and Butler and Nelson and their respective entities on Count X. (*See* Opinion, #149.)

## II. Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Miller v. Reebie Storage and Moving Co., Inc.*, No. 93 C 3986, 1993 WL 414689, *1 (N.D. Ill. Oct. 15, 1993). The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Ordinarily, when considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claim and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). Here, the district court has already ruled on several summary judgment motions. Under the law of the case doctrine, a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same. *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Christianson v. Colt Inds. Operating Corp.*, 486 U.S. 800, 815-17 (1988) (stating that the doctrine applies as much to the decisions of a coordinate court in the same case as to the court's own decisions). The doctrine expresses the practice of courts generally to refuse to reopen what has been decided. *Id.* at 817 (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).

Thus, Judge Michael McCuskey's conclusions in the Opinion (#149) addressing the summary judgment motions constitute the law of the case. Therefore, the Court will consider the allegations in light of the conclusions described in that opinion.

## III. Analysis

Defendants Butler and Nelson and their entities argue that the Court should dismiss the claims against them in I, II, III, IV, V, VI, VII, X, and XI of the second amended complaint for the following reasons: (1) Plaintiffs failed to state claims in Counts I, II, III, and IV because the alleged agreement was never executed and therefore never became a binding contract; (2) because there was no binding contract, Defendants' alleged conduct could not have

proximately caused damages alleged in the claims of breach of fiduciary duties (Counts V, VI, and VII); (3) Plaintiffs cannot allege a claim for intentional interference with contract in Count X because no contract exists; and (4) Plaintiffs failed to state a claim for interference with economic expectations in Count XI because Plaintiffs' damages occurred as a result of their failure to effectively accept the contract.

As an initial matter, the Court notes that the Opinion (#149) ruling on Defendants' motions for summary judgment dismissed the claim in Count X against Defendants CIA and Butler and Nelson and their entities. In addition, Counts II, III, and IV are directed only at the City. Accordingly, the Court recommends denying as moot Defendants' motion to dismiss Counts II, III, IV, and X.

### A. Breach of Contract (Count I)

Defendants first argue that Plaintiffs failed to state a claim in Count I because the alleged agreement was never executed and therefore never became a binding contract.

The Court agrees. In the opinion ruling on motions for summary judgment, Judge McCuskey considered all of Plaintiffs' theories for the establishment of a contract and concluded that no binding agreement existed between Bloomington Partners and the City under any of Plaintiffs' theories. (#149, pp. 21-22.) That decision is now the law of the case and this Court will not revisit the issue. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710, 722 (7th Cir. 2005) ("Law of the case doctrine advises against a court reopening previously decided issues."). Accordingly, because Count I is premised upon the existence of a contract, the Court recommends granting Defendants' motion to dismiss it.

### B. Breach of Fiduciary Duties (Counts V, VI, and VII)

Defendants next argue that because there was no binding contract, Defendants' alleged conduct could not have proximately caused damages alleged in the claims of breach of fiduciary duties. Specifically, Defendants contend that Plaintiffs claims in Counts V, VI, and VII are

premised on a theory that Defendants' conduct caused Plaintiffs to lose the benefits of their bargain as embodied in the agreement between Bloomington Partners and the City.

The Court does not read the claims in Counts V, VI, and VII so narrowly. In Paragraph 125 of Counts V, Plaintiffs allege conduct by Butler and Nelson that purportedly constituted breaches of their fiduciary duties to Plaintiffs. In Paragraph 126, Plaintiffs allege that as a result of the actions alleged in Paragraph 125, Bloomington Partners sustained monetary damages "for unreimbursed expenses and for loss of profits and business opportunities in excess of $10 million." (#95, ¶ 126.) Based on this language, the Court concludes that Bloomington Partners' alleged damages did not necessarily flow from the purported contract between the City and Bloomington Partners. Whether Defendants' conduct alleged in Paragraph 125 proximately caused damages to Bloomington Partners is a question of fact that the Court cannot resolve on a motion to dismiss.

Count VI is similar to Count V except that Kemp, Adams, and LeFevre are named Plaintiffs in that count "[i]n the event that it is determined that the members of the Bloomington Partners Group failed to reach agreement in the formation of BP." (#95, ¶ 131.) As noted above, the Court cannot determine whether Defendants' conduct proximately caused Plaintiffs' damages at the motion to dismiss stage. Accordingly, the Court recommends denying the motion to dismiss Counts V and VI at this time.

Defendants also contend that the Court should dismiss the quantum meruit claim in Count VII based on the Court's conclusion that no binding agreement existed between Plaintiffs and the City. Quantum meruit is an equitable doctrine based on the concept that "no one who benefits by the labor and materials of another should be unjustly enriched thereby." BLACK'S LAW DICTIONARY 1243 (6th ed. 1990). Quantum meruit allows one to recover for the reasonable value of services performed for another when it would be unjust for the recipient of the services to retain those services without paying compensation. *Fischer v. First Chi. Capital Markets, Inc.*, 195 F.3d 279, 284 (7th Cir. 1999).

The Court disagrees with Defendants that the lack of a binding agreement requires dismissal. Under Illinois law, the obligation enforced by equitable theories of recovery such as quantum meruit "is independent of any agreement between the parties or of their personal intentions." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1114 (7th Cir. 1994) (quoting *Rutledge v. Hous. Auth. of the City of East St. Louis,* 411 N.E.2d 82, 85 (Ill. App. Ct. 1980). Quantum meruit is a form of claim in quasi-contract (E. Allan Farnsworth, CONTRACTS §2.20 (2d ed. 1990)) and "a plaintiff *may not pursue* a quasi-contractual claim where there is an enforceable, express contract between the parties." *Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) (emphasis added). Therefore, the lack of a binding agreement between Plaintiffs and the City does not entitle Defendants to dismissal of the quantum meruit claim and the Court recommends denying the motion to dismiss Count VII.

### C.  Intentional Interference with Economic Expectations (Count XI)

Defendants next argue that because there was no binding contract, Defendants' alleged conduct could not have proximately caused damages alleged in the claim for intentional interference with economic expectations. Specifically, Defendants contend that Plaintiffs' economic expectations would have been the benefits they received under the purported contract between Bloomington Partners and the City and that Plaintiffs incurred losses because they failed to execute the agreement.

In Paragraph 175, Plaintiffs allege that Butler and Nelson "intentionally engaged in the aforementioned intentional and unjustifiable misconduct as part of their scheme to interfere with the economic expectancy and business relations between Bloomington Partners and the City . . . ." (#95, ¶ 175.) The basis for Plaintiffs' losses and whether Defendants' conduct proximately caused those damages are questions of fact that the Court will not address at this stage in the proceedings. Accordingly, the Court recommends denying the motion to dismiss Count XI.

### IV. Summary

For the reasons set forth above, this Court recommends that the Motion To Dismiss Second Amended Complaint of Defendants, John Butler, individually and d/b/a Butler Company, LLC; JB Butler Company, LLC; Michael Nelson; MNelson Company, LLC; and Central Illinois Arena Management, Inc. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure **(#114)** be **GRANTED** as to Count I, **DENIED** as to Counts V, VI, VII, and XI, and **DENIED as moot** as to Counts II, III, IV, and X.  The claims against Defendants CIA, Butler and his entities, and Nelson and his entities that will remain in this case after this include Counts V, VI, VII, and XI.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 21st day of September, 2006.

                                                 s/ DAVID G. BERNTHAL
                                                 U.S. MAGISTRATE JUDGE