E-FILED
Thursday, 21 September, 2006  04:44:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **BLOOMINGTON PARTNERS, LLC,** )<br>a limited liability company, )<br>  )<br>Plaintiff, )<br>v. )<br>  )<br>**CITY OF BLOOMINGTON,** an Illinois )<br>municipal corporation, et al., )<br>  )<br>Defendants. ) | Case No. 04-2287 |

# REPORT AND RECOMMENDATION

In December 2004, Plaintiff, Bloomington Partners, LLC, filed a Verified Complaint for Injunctive Relief (#1) against Defendant, City of Bloomington. In April 2005, Plaintiff filed a First Amended Complaint (#31) against Defendants City of Bloomington; John Butler, individually and d/b/a Butler Company, LLC; JB Butler Company, LLC; Michael Nelson; MNelson Company, LLC; Central Illinois Arena Management, Inc.; BNAM, LLC; Larry Hundman; and Thomas Hamilton. In May 2006, Plaintiff filed a Second Amended Complaint (#95) naming as Plaintiffs Barry Kemp, Richard Adams, and David LeFevre in addition to Bloomington Partners, and naming the same Defendants as the first amended complaint.

In July 2006, Defendants Thomas Hamilton and City of Bloomington (hereinafter "City") filed a Rule 12(b)(6) Motion To Dismiss Counts II, III, VIII, IX, X, XI and XII of the Second Amended Complaint (#120). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Rule 12(b)(6) Motion by Defendants City of Bloomington and Thomas Hamilton To Dismiss Counts II, III, VIII, IX, X, XI and XII of the Second Amended Complaint **(#120)** be **GRANTED.**

### I. Procedural Background

The second amended complaint alleges twelve counts, as follows: (1) Count I, by Plaintiff Bloomington Partners against the City and Central Illinois Arena Management, Inc.

(hereinafter "CIA"), alleges breach of express contract; (2) Count II, by Bloomington Partners, alleges that the City breached an express contract that existed as a result of Bloomington Partner's acceptance of the contract by performance; (3) Count III, by Bloomington Partners, alleges that the City breached an express contract that existed as a result of the City's waiver of certain contract terms; (4) Count IV, by Bloomington Partners, against the City, alleges breach of contract based on estoppel; (5) Count V, by Bloomington Partners against Butler, Nelson, and their respective entities, alleges breach of fiduciary duty; (6) Count VI, by Plaintiffs Kemp, LeFevre, and Adams against Butler, Nelson, and their respective entities, alleges breach of fiduciary duty; (7) Count VII, by Plaintiffs Kemp, LeFevre, and Adams against Butler, Nelson, and their respective entities, alleges quantum meruit; (8) Count VIII, by Bloomington Partners, alleges that the City, Hamilton, Hundman, and BNAM aided and abetted a breach of fiduciary duty owed by Butler and Nelson to Bloomington Partners; (9) Count IX, by Kemp, LeFevre, and Adams alleges that the City, Hamilton, Hundman, and BNAM aided and abetted a breach of fiduciary duty owed by Butler and Nelson to Kemp, LeFevre, and Adams; (10) Count X, by Bloomington Partners against Hamilton, the City, Butler and Nelson and their respective entities, CIA, Hundman, and BNAM, alleges intentional interference with contract; (11) Count XI, by Bloomington Partners against Hamilton, the City, Butler and Nelson and their respective entities, CIA, Hundman, and BNAM, alleges intentional interference with economic expectation; and (12) Count XII, by Kemp, LeFevre, and Adams against Hamilton, the City, Hundman, and BNAM, alleges intentional interference with economic expectation

The district court recently ruled on Defendants' motions for summary judgment (#85, #89, #104), granting summary judgment in favor of the City on Counts I, IV, VIII, X, and XI and in favor of CIA and Butler and Nelson and their respective entities on Count X. (*See* Opinion, #149.)

## II.  Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Miller v. Reebie Storage and Moving Co., Inc.*, No. 93 C 3986, 1993 WL 414689, *1 (N.D. Ill. Oct. 15, 1993).  The Court should dismiss the case only if the

nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Ordinarily, when considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claim and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  Here, the district court has already ruled on several summary judgment motions.  Under the law of the case doctrine, a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same.  *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Christianson v. Colt Inds. Operating Corp.*, 486 U.S. 800, 815-17 (1988) (stating that the doctrine applies as much to the decisions of a coordinate court in the same case as to the court's own decisions).  The doctrine expresses the practice of courts generally to refuse to reopen what has been decided.  *Id.* at 817 (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).

Thus, Judge McCuskey's conclusions in the Opinion (#149) addressing the summary judgment motions constitute the law of the case.  Therefore, the Court will consider the allegations in light of the conclusions described in that opinion.

### III.  Analysis

Defendants City and Hamilton argue that the Court should dismiss the claims against them in Counts II, III, VIII, IX, X, XI, and XII of the second amended complaint for the following reasons:  (1) the Court previously dismissed Hamilton as a defendant (*see* Order, #74) based on immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Tort Immunity Act") (745 ILCS 10/2-201 (West 2004)), and should do so again; (2) Counts II and III fail to state claims as a matter of law; and, alternatively, (3) the Court should dismiss Count IX because Illinois does not recognize a cause of action of aiding and abetting a breach of fiduciary duty.  In addition, Defendants ask the Court to dismiss the

portion of the prayer for relief requesting exemplary damages in Counts VIII, IX, X, XI, and XIII.

In its previous ruling on motions for summary judgment, Judge McCuskey considered all of Plaintiffs' theories for the establishment of a contract and concluded that no binding agreement existed between Bloomington Partners and the City under any of Plaintiffs' theories. (#149, pp. 21-22.)  That decision is now the law of the case and this Court will not revisit the issue.  *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710, 722 (7th Cir. 2005) ("Law of the case doctrine advises against a court reopening previously decided issues.").

### A.  Counts II and III

Defendants first argue that the Court should dismiss Counts II and III because there is no contract between Plaintiff Bloomington Partners and the City.  The Court agrees.  As noted above, it is the law of the case that no binding agreement existed between Bloomington Partners and the City under any of Plaintiffs' theories of contract formation.  Because Counts II, III, and X are premised upon the existence of a contract, the Court recommends dismissing those claims against the City (Counts II, III, and X[1]) and Hamilton (Count X).

### B.  Counts VIII, IX, X, XI, and XII

Defendants next argue that Defendant Hamilton is immune from liability as to all claims alleged against him.  The Court agrees.  In an opinion entered December 23, 2005, the district court concluded that Hamilton was immune from liability pursuant to Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201), based on the reasoning described in *Village of Bloomingdale v. CDG Enterprises, Inc.*, 752 N.E.2d 1090, 1097-1101 (Ill. 2001).  (*See* Opinion, #74, p. 8.)  The same reasoning applies to the claims alleged against Hamilton in Counts VIII, IX, X, XI, and XII of the second amended complaint.

---

[1] The Court notes that it previously granted summary judgment in favor of the City on Count X.  *See* Opinion, #149.

Furthermore, under Section 2-109 of the Tort Immunity Act, the City is also immune from liability as to the claims alleged against it based on Hamilton's conduct in Counts IX and XII. 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."). Accordingly, the Court recommends dismissing the claims against the City[2] and Hamilton in Counts VIII, IX, X, XI, and XII of the second amended complaint.

### C. Motion To Dismiss or Strike Exemplary Damages

Because the Court has dismissed all claims as to Defendants Hamilton and the City, it need not address the issue of exemplary damages in Counts VIII, IX, X, XI, and XIII.

### IV. Summary

For the reasons set forth above, this Court recommends that the Rule 12(b)(6) Motion by Defendants City of Bloomington and Thomas Hamilton To Dismiss Counts II, III, VIII, IX, X, XI, and XII of the Second Amended Complaint **(#120)** be **GRANTED.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 21st day of September, 2006.

                                                             s/ DAVID G. BERNTHAL
                                                              U.S. MAGISTRATE JUDGE

---

[2] The Court previously granted summary judgment in favor of the City on Counts VIII, X, and XI. *See* Opinion, #149.