UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **BLOOMINGTON PARTNERS, LLC, a limited liability company, BARRY KEMP, RICHARD ADAMS, and DAVID LeFEVRE,** ) ) ) ) | |
| **Plaintiffs,** ) ) v. ) ) | Case No. 04-CV-2287 |
| **JOHN BUTLER, individually and d/b/a BUTLER COMPANY, LLC; JB BUTLER COMPANY, LLC; MICHAEL NELSON; MNELSON COMPANY, LLC; CENTRAL ILLINOIS ARENA MANAGEMENT, INC.; BNAM, LLC; and LARRY HUNDMAN,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ORDER

This case is before the court for ruling on Plaintiffs' Motion for FRCP 54(b) Certification and to Stay Proceedings Pending Appeal (#159). This court has carefully considered Plaintiffs' Motion, Defendants' Responses and the applicable case law. Following this careful and thorough review, Plaintiffs' Motion (#159) is DENIED.

FACTS

On September 6, 2006, this court entered an Opinion (#149) which granted Motions for Summary Judgment filed in this case and entered judgment in favor of the City of Bloomington on Counts I, IV, VIII, X and XI of Plaintiffs' Second Amended Complaint and also entered judgment in favor of Defendants John Butler, individually and d/b/a Butler Company, LLC, JB Butler Company, LLC, Michael Nelson, MNelson Company, LLC and Central Illinois Arena Management, Inc. as to Count X of Plaintiffs' Second Amended Complaint. In ruling, this court concluded that,

as a matter of law, the contract Plaintiffs were attempting to enforce never became fully executed and enforceable. This court further stated that numerous other motions remained pending in the case which would be decided in due course. This court stated that the discovery deadline remained set for December 30, 2006, and the case dispositive motion deadline remained set for January 31, 2007. In its Opinion, this court stated that it did not intend to extend those deadlines for any reason whatsoever.

On October 10, 2006, Plaintiffs, Bloomington Partners, LLC, Barry Kemp, Richard Adams, and David LeFevre, filed a Motion for FRCP 54(b) Certification and to Stay Proceedings Pending Appeal (#159). Plaintiffs stated that they sought to immediately appeal this court's order granting summary judgment on some of their claims. Plaintiffs noted that an appeal from this court's summary judgment ruling would "involve the legal and factual issues surrounding the alleged formation of a contract between Bloomington Partners and the City." Plaintiffs further noted that the issues remaining in the lawsuit involved Plaintiffs' claims for breach of fiduciary duty, including claims for aiding and abetting. Plaintiffs argued that there was therefore no risk that findings on an immediate appeal would be inconsistent with subsequent findings at trial on the remaining claims involving breach of fiduciary duty and aiding and abetting. Plaintiffs further argued that, to the extent such a risk exists, this court's order staying further proceedings pending the outcome of contract issues on appeal would obviate that risk. Plaintiffs contended that the failure to grant their motion would definitely result in piecemeal litigation because a trial on the claims remaining in the case would involve much of the same evidence which would be used at trial on the contract issues should the Seventh Circuit Court of Appeals reverse this court's grant of summary judgment.

Plaintiffs argued that the "only way to avoid duplication and waste of resources is for the court to stay further proceedings against the remaining defendants until the Court of Appeals decides that contract issues." Plaintiffs cited no Seventh Circuit case law in support of their motion.

On October 11, 2006, Defendants City of Bloomington and Thomas Hamilton filed an Objection to Plaintiffs' Motion to Stay Proceedings (#160). These Defendants argued that a ruling on Plaintiffs' Motion was premature prior to this court's ruling on the pending motions to dismiss, which could result in a dismissal of all remaining claims, so that certification under Rule 54(b) of the Federal Rules of Civil Procedure would not be necessary.

On October 12, 2006, this court entered an Order (#163) which adopted three Reports and Recommendations (#153, #154, #155) entered by the Magistrate Judge regarding the pending motions to dismiss. This court granted the Motion to Dismiss filed by Defendants City of Bloomington and Thomas Hamilton and terminated them as parties to this case. However, the motions to dismiss filed by the remaining Defendants were granted in part and denied in part. Therefore, Plaintiffs' claims of breach of fiduciary duty, quantum meruit, aiding and abetting, and intentional interference with economic expectations are still pending in this case.

On October 23, 2006, Defendants, John Butler, Michael Nelson, MNelson Company, LLC, and Central Illinois Arena Management, Inc., filed their Response to Plaintiffs' Motion for FRCP 54(b) Certification and to Stay Proceedings Pending Appeal (#164). Defendants argued that discovery has essentially been completed and they intend to file a motion for summary judgment as to the remaining claims against them within the time allowed by the current schedule. Defendants stated that they have been informed that Defendants BNAM, LLC and Larry Hundman also intend

to file a motion for summary judgment. Defendants argued that Plaintiffs' Motion should not be granted at this time. They argued that this court could very well dispose of the entire case in ruling on the motions for summary judgment so that allowing Plaintiffs' Motion greatly increases the probability of multiple appeals. Defendants also noted that this court has made clear that it does not intend to allow any extensions of the deadlines and trial date set in this case. They contended that this court should therefore deny the relief requested by Plaintiffs because granting Plaintiffs' Motion would delay resolution of the remaining claims.

On October 24, 2006, Defendants BNAM, LLC and Larry Hundman filed their Objection to Plaintiffs' Motion (#165). Defendants pointed out that Plaintiffs relied solely on a case from the Tenth Circuit Court of Appeals. Defendants cited applicable case law from the Seventh Circuit which holds that one appeal per case is the norm and piecemeal appeals should be avoided. Defendants also argued strenuously against any stay of proceedings, contending that Plaintiffs should not be allowed to drag this case out for a longer period of time to the financial detriment of Defendants.

## ANALYSIS

"In a case involving multiple claims or multiple parties, the district court may direct the entry of a final judgment as to fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ivanov-McPhee v. Wash. Nat'l Ins. Co., 719 F.2d 927, 928 (7th Cir. 1983), citing Fed. R. Civ. P. 54(b). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp.

v. Gen'l Elec. Co., 446 U.S. 1, 8 (1980). However, the policy underlying the requirement of Rule 54(b) certification is to prohibit "piecemeal" appeals except under certain limited circumstances. Ivanov-McPhee, 719 F.2d at 928.

Therefore, as a general rule, judgments under Rule 54(b) are disfavored because they permit piecemeal appeals. Beal v. Nat'l R.R. Passenger Corp., 2006 WL 2095239, at *6 (N.D. Ind. 2006). The piecemeal appeal permitted under Rule 54(b) must be reserved only for unusual circumstances in which the normal delay for appellate review will cause undue prejudice to a litigant. Sledd v. Lindsay, 1994 WL 6591996, at *2 (N.D. Ill. 1994). "The Seventh Circuit has cautioned that '[c]ourts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration.'" Sledd, 1994 WL 6591976, at *2, quoting Horn v. Transcon Lines, Inc., 898 F.2d 589, 592 (7th Cir. 1990).

The terms of Rule 54(b) require the applicant to satisfy three requirements before such certification can be issued: (1) the action must involve separate claims for relief; (2) the decision sought to be appealed must have finally decided the rights and liabilities of a litigant; and (3) the court must determine that there is no just reason for delaying appeal. Sledd, 1994 WL 659196, at *2, citing Martin v. Consultants & Adm'rs, Inc., 966 F.2d 1078, 1083 (7th Cir. 1992). With respect to the first requirement, the facts and theories of recovery for the claims selected for accelerated appeal should not overlap with those claims remaining unresolved. N.A.A.C.P. v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992); Sledd, 1994 WL 659196, at *2. The claims proposed for immediate appeal should be sufficiently distinct from the remaining claims to warrant proof of

5

substantially different operative facts. N.A.A.C.P., 978 F.2d at 292; Sledd, 1994 WL 659196, at *2. If there is a significant overlap factually between the claims to be appealed and the claims remaining, Rule 54(b) certification may not issue. Sledd, 1994 WL 659196, at *2; Fitigues, Inc. v. Varat Enters., Inc., 813 F. Supp. 1336, 1338 (N.D. Ill. 1992).

In this case, Plaintiffs have argued that "[m]uch of the same evidence" would be used at a trial of the claims remaining pending in this case and at a trial of the contract issues Plaintiffs are seeking to immediately appeal. For this reason, this court concludes that Rule 54(b) certification would be inappropriate in this case. Moreover, this court further concludes that Plaintiffs have fallen far short of showing any valid reasons why this case falls into an "unusual" or "limited" circumstance which would justify an immediate, piecemeal appeal.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiffs' Motion for FRCP 54(b) Certification and to Stay Proceedings Pending Appeal (#159) is DENIED.

(2) All of the dates and deadlines set in this case remain in full force and effect.

(3) This case is referred to the Magistrate Judge for further proceedings.

ENTERED this 25th day of October, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE